IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Christopher Collins, | ) | Civil Action No. 2:20-cv-2989-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Cash America East, Inc. also d/b/a Cash America Pawn, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the Court is Defendant's *Daubert* motion to exclude testimony of Plaintiff's expert witness, Glen Herring. (Dkt. No. 33). For the reasons set forth below, the Court grants Defendant's motion.

**I.     Background**

This is a personal injury action. Plaintiff alleges that, on July 30, 2017, he was shopping at Defendant's pawn shop. Plaintiff alleges Defendant had set up a tent directly in front of the entrance to Defendant's building. Plaintiff alleges he was shopping under this tent when it fell and injured him. Plaintiff brings claims for negligence and negligent hiring, training, supervision, and retention. (Dkt. No. 1-1).

Plaintiff retained Mr. Glen Herring as an expert. (Dkt. No. 29). Plaintiff seeks to introduce Herring to the jury as an expert "in installing . . . tents [and] also in what will happen if the such tents [sic] are improperly secured, and in what effects gusts of wind will have on such tents." (*Id.* at 1) (noting Herring is "an expert in installing and maintaining the very type of tent that is the subject of this lawsuit").

Defendant moves to exclude Herring's testimony on various grounds. (Dkt. No. 33). Plaintiff opposes. (Dkt. No. 38). Defendant filed a reply. (Dkt. No. 42).

Defendant's motion is fully briefed and ripe for disposition.

## II.     Legal Standard

Under Fed. R. Evid. 702, the Court acts as a gatekeeper "to verify that expert testimony is based on sufficient facts or data." *E.E.O.C. v. Freeman*, 778 F.3d 463, 472 (4th Cir. 2015). The expert testimony must be shown to be "not only relevant, but reliable." *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 589 (1993). "Because expert witnesses have the potential to be both powerful and quite misleading, it is crucial that the district court conduct a careful analysis into the reliability of the expert's proposed opinions." *United States v. Fultz*, 591 Fed. Appx. 226, 227 (4th Cir. 2015).

The trial court must ensure that (1) "the testimony is the product of reliable principles and methods," (2) the expert has reliably applied the principles and methods to the facts of the case," and (3) the "testimony is based on sufficient facts and data." Fed. R. Evid. 702(b), (c), (d). "This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid," *Daubert*, 509 U.S. at 592-93, and whether the expert has "faithfully appl[ied] the methodology to the facts." *Roche v. Lincoln Prop. Co.*, 175 Fed. Appx. 592, 602 (4th Cir. 2006). Additionally, the Court must evaluate any proposed expert testimony under the standards of Fed. R. Evid. 403 to determine whether the probative value of the evidence, if relevant, is substantially outweighed by the risk of misleading or confusing the jury.

Factors to be considered in assessing the reliability of technical or scientific evidence include "whether a theory or technique ... can be (and has been) tested," "whether the theory or technique has been subjected to peer review and publication," the "known or potential rate of error," the "existence and maintenance of standards controlling the technique's operations," and whether the theory or technique has garnered "general acceptance." *Daubert*, 509 U.S. at 593–94. The *Daubert* factors are not exhaustive and illustrate the type of factors "that will bear on the

inquiry." *United States v. Hassan*, 742 F.3d 104, 130 (4th Cir. 2014). Courts have also considered whether the "expert developed his opinions expressly for the purposes of testifying or through research conducted independent of litigation." *Wehling v. Sandoz Pharm. Corp.*, 162 F.3d 1158 at *3 (4th Cir. 1998); *Daubert v. Merrell Dow Pharm. Inc.,* 113 F.3d 1311, 1317 (9th Cir. 1995) (on remand).

The proponent of the expert testimony carries the burden to establish the admissibility of the testimony by a preponderance of the evidence. *Cooper v. Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001). The Fourth Circuit has held that Rule 702 excludes expert testimony on matters within the common knowledge of jurors. *Persinger v. Norfolk & W. R. Co.*, 920 F.2d 1185, 1188 (4th Cir. 1990); Rule 702 (requiring that an admissible expert opinion be based upon "scientific, technical, or other specialized knowledge"); *Scott v. Sears, Roebuck, & Co.*, 789 F.2d 1052, 1055 (4th Cir. 1986) (noting by negative implication that "Rule 702 makes inadmissible expert testimony as to a matter which obviously is within the common knowledge of jurors because such testimony, almost by definition, can be of no assistance."). The admission of "common sense" expert testimony is dangerous because "the evaluation of the commonplace by an expert witness might supplant a jury's independent exercise of common sense." *Id.*

### III.   Analysis

Defendant puts forth various arguments for why Herring and his expert report must be excluded. The Court addresses only one of these arguments, however, as it is dipositive.

Defendant argues that Herring's testimony should be excluded because it is of no assistance to the jury. (Dkt. No. 33-1 at 10). Defendant argues that expert testimony is not necessary to understand how a tent such as the one that allegedly fell on Plaintiff should be set-up or secured and that there is a high-risk Herring's testimony would mislead the jury. In response, Plaintiff argues that "Defendant cannot credibly argue that this is 'ordinary knowledge and experience' that

a jury would normally have." (Dkt. No. 38 at 12-13) (citing Herring Expert Report, (Dkt. No. 38-5 at 1) (stating the "shape of the tent canopy is convex just like an airplane wing and will automatically try to lift when wind is blown against it" and that once the "canopy lifts and wind hits the underside then you have a 10'X10'=100sq ft sail catching the wind")).

The parties do not dispute that the tent that fell on Plaintiff is approximately ten feet by ten feet and is a tailgate or party-style tent, "like if you're having a football get-together . . . just a little pop-up tent." (Dkt. No. 33-1) (citing deposition testimony of employee Ashlyn Breland); Plaintiff Deposition, (Dkt. No. 33-3 at 5) ("I would guess ten by ten probably. It wasn't one of those big, huge ones, but it was big enough. Standard size."); (Dkt. No. 38 at 6) (citing the same). Defendant's employee Breland testified that, on the day in question, "only two of the four (4) poles were secured by bricks, and that not all four (4) poles of the tent were tied down or secured." (Dkt. No 38 at 6). It appears that on the day Plaintiff was injured, it was "windy" and "a fourth side did come up." (*Id.* at 3) (citing deposition testimony of Bonita Ann Winters); (Dkt. No. 38-1 at 47).

The Court finds that Herring's testimony and expert report must be excluded under Fed. R. Evid. 702 because the matters Herring intends to opine on are clearly within the common knowledge of lay jurors. As noted above, the fundamentals of Plaintiff's accident are not complicated. Despite Plaintiff's conclusory arguments to the contrary, the jury does not need an expert to opine on the proper method to set up or secure a tent. *See Peters v. Five Star Marine Serv.*, 898 F.2d 448, 449-50 (5th Cir. 1990) (affirming district judge's decision to exclude expert testimony regarding the hazards of offloading a vessel being rocked by four-to-five-foot waves); *Persinger*, 920 F.2d at 1188 (affirming district judge's order excluding Dr. Kroemer's testimony because "Dr. Kroemer's testimony did no more than state the obvious. He testified that he applied an industry safety formula to determine the weight that Persinger could safely lift. The formula,

however, was based on several basic variables including the distance of the lift, and the distance from the body at which the weight was held. The typical juror knows that it is more difficult to lift objects from a seated position, especially when the lift is away from the body rather than close to the body"); (Dkt. No. 33-4 at 7-8) (Breland testifying that setting up the tent was "an everyday task that we—we didn't really put too much thought [into]" and that one did not need "step-by-step instructions" to set up the tent because "it's like a pretty basic tent").[1]

## IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's *Daubert* motion to exclude testimony of Plaintiff's expert witness, Glen Herring (Dkt. No. 33).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 2, 2021
Charleston, South Carolina

---

[1] Because the Court finds that Herring's testimony is not useful to the jury under Fed. R. Evid. 702, it declines to address Defendant's alternate arguments for excluding Herring—namely that he is not qualified as an expert and that his report is unreliable.