IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Christopher Collins, | ) | Civil Action No. 2:20-cv-2989-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Cash America East, Inc. also d/b/a Cash America Pawn, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the Court is Defendant's motion for summary judgment. (Dkt. No. 31). For the reasons set forth below, the Court grants in part and denies in part Defendant's motion.

**I.     Background**

This is a personal injury action. Plaintiff alleges that, on July 29, 2017, he was shopping at Defendant's pawn shop. Plaintiff alleges Defendant set up, next to the entrance to Defendant's building, a tent under which Defendant displayed merchandise for sale. Plaintiff testified that he entered the pawn shop to browse for items to buy. Plaintiff further testified that upon exiting the pawn shop, he "felt [a] force" push him from the storefront six to eight feet toward his car. While at first Plaintiff believed "someone was maybe just playing a game or something," Plaintiff soon realized that the tent had hit his "backside shoulder" and pushed him into his car. As a result of this accident, Plaintiff testified he suffered a torn right rotator cuff and injuries to his "neck and the back—upper back and the knee." (Dkt. No. 31-2 at 56-57, 90).

On July 22, 2020, Plaintiff filed a complaint against Defendant. Plaintiff brings claims for (1) negligence and (2) negligent hiring, training, supervision, and retention. (Dkt. No. 1-1).

Defendant now moves for summary judgment on both claims. (Dkt. No. 31). Plaintiff opposes. (Dkt. No. 39). Defendant filed a reply. (Dkt. No. 41).

Defendant's motion is fully briefed and ripe for disposition.

**II.     Legal Standard**

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court interprets all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)); *Lilly v. Crum*, No. 2:19-CV-00189, 2020 WL 1879469, at *4 (S.D.W. Va. Apr. 15, 2020) (noting that the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to create a genuine dispute) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

**III.    Analysis**

Defendant argues that it is entitled to summary judgment on both of Plaintiff's claims because Plaintiff cannot establish proximate causation.

To establish a negligence cause of action under South Carolina law, the plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty. *J.T. Baggerly v. CSX Transp., Inc.*, 370 S.C. 362, 368–69, 635 S.E.2d 97, 101 (2006).

Normally, proximate cause is a question of fact for the jury, and it may be proved by direct or circumstantial evidence. *Player v. Thompson,* 259 S.C. 600, 193 S.E.2d 531 (1972). Proximate cause requires proof of: (1) causation-in-fact, and (2) legal cause. *Bramlette v. Charter–Medical–Columbia,* 302 S.C. 68, 72, 393 S.E.2d 914, 916 (1990). Causation-in-fact is proved by

establishing the injury would not have occurred "but for" the defendant's negligence, and legal cause is proved by establishing foreseeability. *Id.*

After careful consideration of the parties' respective briefing and the pertinent record, the Court denies Defendant's motion on this point. The parties' briefing makes clear that a question of material fact exists as to whether the tent falling onto Plaintiff caused Plaintiff's alleged injuries. As to the rotator cuff injury, treatment notes from August 2, 2017 indicate that while Plaintiff had been involved in a car accident roughly three years prior to the tent-incident—a car accident which appears to have mainly caused Plaintiff back pain—Plaintiff reported to his physician that he began to suffer "head and shoulder pain . . . after [Defendant's] tent fell and hit him [S]aturday." *See* (Dkt. No. 31-4). Further, though Plaintiff was undisputedly in another car accident on March 17, 2018, an MRI conducted on March 1, 2018 and thus prior to this accident, appears to indicate that Plaintiff's rotator cuff was torn as of March 1, 2018. *See* (Dkt. No. 31-5) (medical records from ARCIS-Lowcountry Orthopaedics from around April 26, 2018 noting that Plaintiff reported "pain on the outside of his arm. Painful since a tent fell on him last year"); *see also* (Dkt. No. 31-15 ¶ 10). While Defendant contends that the tent falling on Plaintiff could not have caused a torn rotator cuff and that this injury is more consistent with a chronic condition, *see* (Dkt. No. 31-15) (affidavit of Dr. David Norris Dupuy, M.D. to this effect), the medical notes cited *supra*, combined with the seeming lack of notation in Plaintiff's medical records evincing a right shoulder or rotator cuff injury prior to the tent accident on July 29, 2017, is sufficient to establish a question of material fact as to proximate causation. As to his alleged back and knee injuries, the Court further holds that a jury question exists as to whether the accident on Defendant's premises exacerbated these apparently pre-existing conditions. Treatment notes from prior to July 29, 2017 show Plaintiff had back problems and that he began to develop knee issues around June 2017. *See generally* (Dkt.

No. 31-4). Contrary to Defendant's contention otherwise, however, the fact that such injuries may have existed at the time of Plaintiff's accident on Defendant's premises does not mean that those claims fail as a matter of law. *See Watson v. Wilkinson Trucking Co.*, 244 S.C. 217, 136 S.E.2d 286 (1964) (plaintiff is entitled to recover all damages proximately resulting from negligent acts of defendant, including aggravation of pre-existing condition); (Dkt. No. 31-4) (reporting that Plaintiff began to suffer "head"—and thus potentially back and neck—"and shoulder pain . . . after [Defendant's] tent fell and hit him [S]aturday"); (Dkt. No. 31-2 at 90) (Plaintiff testimony stating he suffered, *inter alia*, a knee injury because of the accident on Defendant's premises).

Accordingly, Defendant's motion is denied as to proximate causation.

Second and last, Defendant argues that it is entitled to summary judgment on Plaintiff's negligent hiring, training, supervision, and retention claim. (Dkt. No. 31-1 at 24-26). Plaintiff does not address this argument in his opposition. *See generally* (Dkt. No. 39).

The Court grants Defendant summary judgment on Plaintiff's negligent hiring, training, supervision, and retention claim. A claim for negligent hiring, retention, training, and/or supervision requires a plaintiff to show that the defendant "knew of or should have known that its employment of a specific person created an undue risk of harm to the public[.]" *Kase v. Ebert*, 392 S.C. 57, 63, 707 S.E.2d 456, 459 (Ct. App. 2011) (quoting *James v. Kelly Trucking Co.*, 377 S.C. 628, 631, 661 S.E.2d 329, 330 (2008)). As Defendant argues, and as Plaintiff does not contest, it appears the record "contains no evidence whatsoever that Defendant's hiring practices fell below the standard of care in this case or that Defendant was chargeable with knowledge of an undue risk associated with hiring or continuing to employee a specific employee." (Dkt. No. 31-1 at 25). *See Doe v. ATC, Inc.*, 367 S.C. 199, 206, 624 S.E.2d 447, 450-51 (Ct. App. 2005) ("[T]he court should dispose of the matter on a dispositive motion when no reasonable factfinder could find the risk

-5-

foreseeable or the employer's conduct to have fallen below the acceptable standard."). Accordingly, the Court grants Defendant summary judgment on this point.

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion for summary judgment (Dkt. No. 31). The Court grants Defendant summary judgment on Plaintiff's negligent hiring, training, supervision, and retention claim. Defendant's motion is otherwise denied. Plaintiff's negligence claim shall proceed to trial.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 6, 2021
Charleston, South Carolina